O

# United States District Court
# Central District of California

| | |
|---|---|
| MARVIN L. STEWART,<br><br>    Plaintiff,<br><br> v.<br><br>ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS<br><br>    Defendant. | Case № 2:18-CV-01887-ODW (SKx)<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [20]** |

## I. INTRODUCTION

Plaintiff Marvin Stewart complains that his employer, Tibor Ruben VA Long Beach Healthcare System, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, through discrimination and retaliation. Defendant United States Department of Veteran Affairs ("Defendant" or "VA") moves to partially dismiss Plaintiff's Third Amended Complaint ("TAC") ("Motion"). For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1] (ECF No. 20.)

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND[2]

Marvin Stewart ("Plaintiff") is at least 61 years old, identifies as Christian, and is employed by the Tibor Ruben VA Long Beach Healthcare System. (TAC ¶ 4, ECF No. 17.) Plaintiff alleges that Defendant retaliated against him by denying him advancement because of his age or in retaliation, either for prior Equal Employment Opportunity Commission ("EEOC") complaints in 2001 and 2005, or for conduct he asserts is protected under Title VII or the ADEA. (*Id.* ¶¶ 48–49, 85–86, 94.) Plaintiff alleges his protected conduct includes his: public reporting in 2008 that the VA employed "illegal aliens working on construction contracts"; opposition to what he describes as the fraudulent and illegal presidency of Barack Obama; and opposition to President Obama's "illegal Executive Orders" advancing the "LGBTQ agenda." (*Id.*)

From 2008 to the present, Plaintiff applied for various positions and promotions and was not selected. (*See generally* TAC.) Plaintiff either heard nothing in response to his applications or was informed, through subsequent mediations or formal investigations, that he was not selected because he: was not the best qualified; had no current relevant job experience; was not a team player; was argumentative; and was confrontational. (*Id.* ¶¶ 85–86.) Plaintiff alleges Defendant denied him advancement, not for the above disclosed reasons, but instead because of his age; in retaliation for his prior EEOC complaints; or in retaliation for the above-described conduct. (*Id.* ¶¶ 71, 72, 85–86, 94.)

Plaintiff alleges he exhausted his administrative remedies by filing an EEOC complaint in 2013 for age discrimination and reprisal/retaliation. (*Id.* ¶ 42, 64–65.) In January 2018, the Administrative Law Judge ("ALJ") issued a Notice and Order of Intent to Issue Decision Without a Hearing denying Plaintiff's claims. (*Id.* ¶ 54, Ex. 1.) In February 2018, the EEOC issued a Final Order implementing the ALJ's Notice and Order as the final decision in the action, and notifying Plaintiff of his Right to

---

[2] The facts derive from Stewart's TAC and well-pleaded allegations are taken as true for the purposes of this Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Sue. (*Id.* ¶ 56, Ex. 2.) Plaintiff's petition for appeal was denied on March 8, 2018, and his petition for review is pending. (*Id.* ¶¶ 57–58.)

On March 7, 2018, Plaintiff filed his Complaint in this action. (Compl., ECF No. 1.) After the parties conferred regarding Defendant's intended motion to dismiss, the parties stipulated to allow Plaintiff to amend his Complaint. (Stipulation, ECF No. 8; *see also* Order Granting Stipulation, ECF No. 9; First Am. Compl. ("FAC"), ECF No. 10.) Twice more the parties completed this dance resulting in a Second Amended Complaint ("SAC") and Third Amended Complaint ("TAC"). (*See* Stipulation, ECF No. 12; Order, ECF No. 13; SAC, ECF No. 14; Stipulation, ECF No. 15; Order, ECF No. 16; TAC.) On August 29, 2018, Plaintiff filed the operative TAC.[3] (TAC.) Through his TAC, Plaintiff asserts claims for (1) Age Discrimination under the ADEA; (2) "Retaliation Against Federal Employee For Prior EEOC Activity," under Title VII; and (3) "Retaliation Against Federal Employee for Filing Complaint," under Title VII and the ADEA. (*Id.* ¶¶ 67–77, 78–90, 91–97.)

Defendant moves to dismiss Plaintiff's first claim to the extent Plaintiff seeks to state a claim for retaliation under the ADEA, and Plaintiff's second and third claims in their entirety. (Mot. 1, ECF No. 20.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A claim has facial plausibility, and thus survives a motion to dismiss, when the pleaded factual content allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

---

[3] An amended complaint supersedes the original such that the original ceases to exist. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

550 U.S. 544, 570 (2007)). The factual "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, but may consider documents attached to or incorporated by reference in the complaint without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89.

## IV. DISCUSSION

Defendant argues that Plaintiff fails to state a claim, in whole or in part, as to each claim for retaliation, because the conduct Plaintiff claims is the basis for retaliation is not protected activity under the ADEA or Title VII.

### A. First Claim — Age Discrimination

Plaintiff asserts a claim for Age Discrimination under the ADEA. (TAC, ¶¶ 67–77.) Defendant moves to dismiss Plaintiff's first claim to the extent it can be

read as asserting a claim for retaliation under the ADEA because Plaintiff fails to allege he engaged in any protected activity under the ADEA. (Mot. 3–4.)

"The [ADEA] prohibits employers and labor organizations from discriminating against older workers with regard to the scope, terms, and conditions of employment." *Luce v. Dalton*, 166 F.R.D. 457, 459 (S.D. Cal. 1996) (citation omitted). The ADEA "makes it 'unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] . . . because of such individual's age.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280 (9th Cir. 2000) (quoting 29 U.S.C. §§ 623(a), 631(a)) (alterations in original).

The ADEA also specifically protects against retaliation for conduct protected under the Act. 29 U.S.C. § 623(d) (proscribing discrimination against an individual because they "opposed any practice made unlawful by this section" or participated in an investigation or proceeding under the ADEA); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996) ("Section 623(d) is the ADEA equivalent of the anti-retaliation provision of Title VII"). "To make a prima facie case of retaliation under . . . the ADEA, plaintiff must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision." *Whitsitt v. Barbosa*, No. CIV S–06–0397 MCE JFM PS, 2007 WL 1725487, *3 (E.D. Cal. June 14, 2007) (citing *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002)).

With respect to Plaintiff's first claim, Plaintiff alleges that Defendant "discriminated against him based on Prior EEO[C] Activity." (TAC ¶ 72.) He alleges that, since 2005, Defendant has "refused to put Plaintiff on the Non-Competitive Candidate Referral list." (*Id.*) Construing this allegation liberally, Plaintiff intends his 2005 EEOC complaint as the basis for retaliation. The only other reference in Plaintiff's TAC to the 2005 EEOC complaint alleges that the parties settled his "religious discrimination and reprisal claims" in 2008. (*Id.* ¶¶ 7–8.) Plaintiff provides

no further information regarding the alleged 2005 EEOC Activity.[4] He does not allege that he opposed Defendant's discrimination based on age or otherwise bring his prior complaints within the scope of the ADEA proscription.

Even reading all of Plaintiff's allegations liberally, Plaintiff fails to state a claim for retaliation under the ADEA. He alleges Defendant retaliated against him because he publicly exposed the VA's employment of "illegal aliens working construction contracts"; he opposed what he describes as the fraudulent and illegal presidency of Barack Obama; and he opposed President Obama's "illegal Executive Orders" advancing the "LGBTQ agenda." (*Id.* ¶¶ 48–49, 85–86, 94.) None of Plaintiff's conduct concerns unlawful employment discrimination based on age; as such, it is not protected activity under the ADEA. Consequently, Plaintiff fails to state a claim for retaliation under the ADEA.

Thus, to the extent Plaintiff attempts to state a claim of age-based retaliation in his first claim, the Court grants Defendant's Motion.

**B.    Second Claim — Retaliation under Title VII**

Plaintiff asserts a second claim for retaliation for "Prior EEOC Activity" under Title VII. (TAC, ¶¶ 78–90.) Defendant moves to dismiss Plaintiff's second claim in its entirety because Plaintiff fails to allege he engaged in any protected activity under Title VII, as required to state a retaliation claim. (Mot. 4–5.)

Title VII prohibits discrimination in employment by employers based on an employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e-2(a)(1), (b), (d), (k), (l). Title VII also prohibits an employer's retaliation against an employee who has opposed "any practice made an *unlawful employment practice by this subchapter*, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Lyons*,

---

[4] Plaintiff's 2013 EEOC complaint asserting age discrimination and retaliation cannot provide the basis for Plaintiff's retaliation claims here because the 2013 EEOC complaint is the vehicle through which he exhausted his administrative remedies in the instant action. Accordingly, any retaliation must have occurred prior to Plaintiff's 2013 EEOC filing.

307 F.3d at 1118 (quoting 42 U.S.C. § 2000e–3(a)) (emphasis added). Under Title VII, unlawful employment practices include the following actions based on race, color, religion, sex, or national origin: failing or refusing to hire or discharge an individual; classifying an individual in a way that would deprive an employee of opportunities or adversely affect her status; failing or refusing to provide employment references; discriminating in admission to apprenticeships or training programs; using an employment practice that causes a disparate impact; or adjusting or altering application test scores. 42 U.S.C. §§ 2000e-2(a)(1), (b), (d), (k), (l).

The requirements for establishing a prima facie case of retaliation under Title VII are similar to those under the ADEA. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1246–47 (9th Cir. 2016) (discussing that the ADEA retaliation provision has long been the "equivalent of the anti-retaliation provision of Title VII."); *Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th Cir. 1997) (same). To state a claim of retaliation under Title VII, a plaintiff must establish that "(1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

With respect to Plaintiff's second claim, he alleges that he was not selected for positions he applied for in 2012 in retaliation for exposing the illegal aliens employed in construction work, opposing the fraudulent and illegal presidency of Barack Obama, and opposing President Obama's "illegal Executive Orders that violated Plaintiffs [sic] Religious liberties in advancing the LBGTQ [sic] agenda, in addition to seeking reelection." (TAC ¶¶ 28–29, 85–86.) These allegations do not articulate opposition to employment practices made unlawful by Title VII (employment practices discriminating against employees based on race, color, religion, sex, or national origin), and thus fail to allege protected activity under Title VII. Even if Plaintiff's opposition to "illegal Executive Orders that violated Plaintiffs [sic]

Religious liberties in advancing the LBGTQ [sic] agenda" could be construed as opposition to an "unlawful employment practice," Plaintiff fails to assert any nonconclusory allegations that he previously complained of religious employment discrimination or that Defendant's support for LGBTQ Pride month somehow constitutes religious employment discrimination. Finally, even had Plaintiff sufficiently alleged protected activity under Title VII, his retaliation claim still falls short as he fails to allege any causal or temporal link between the "protected activity" and the alleged retaliation. (*See id.* ¶¶ 85–86.)

Plaintiff fails to state a claim for retaliation under Title VII that is plausible on its face. Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's second claim.

## C. Third Claim — Retaliation under Title VII and ADEA

Plaintiff asserts a third claim for retaliation for "Filing a Complaint" under both Title VII and the ADEA. (*Id.* ¶¶ 91–97.) Defendant moves to dismiss Plaintiff's third claim in its entirety because Plaintiff has failed to allege he engaged in any prior activity protected by Title VII or the ADEA, as required to state a retaliation claim under the respective Acts. (Mot. 5–6.)

The requirements for stating a retaliation claim under either the ADEA or Title VII are discussed above. Plaintiff's third claim focuses on his opposition to Defendant's support for LGBTQ Pride month. (TAC ¶¶ 91–97.) Plaintiff fails to allege any protected activity in the allegations specific to his third claim; however, the Court construes Plaintiff's TAC liberally and reads Plaintiff's other allegations into his third claim. (*See id.* ¶¶ 93–94.) Plaintiff opposed Defendant's hosting of LGBTQ activities during Pride month by emailing memoranda in opposition to his co-workers and supervisors through his work email account, and by emailing and mailing memoranda in opposition to the General Counsel of the Department of Veteran Affairs, among other things. (*Id.* ¶¶ 30–35, 44–46.) He alleges that the General Counsel of the Department of Veterans Affairs referred his opposition memorandum

to the VA Inspector General, and that doing so constituted retaliation against Plaintiff. (*Id.* ¶¶ 35, 93.) He further claims that Defendant's support of LGBTQ Pride month constitutes further retaliation against Plaintiff because Defendant "bombard[ed him] by placards throughout the facility announcing [LGBTQ] activities hosted at [the facility]." (*Id.* ¶ 94.)

As with Plaintiff's conduct discussed above, Plaintiff's memoranda opposing LGBTQ activities and placards in the facility do not implicate an employment practice made unlawful by Title VII or the ADEA, *see supra* sections A and B, and thus do not constitute "protected activity" under those Acts. Additionally, Plaintiff's allegations that Defendant's support of LGBTQ Pride month "discriminate[d] against Plaintiff's Religious liberties" are conclusory, do not implicate any employment practice made unlawful by Title VII or the ADEA, and accordingly fail to state a claim for retaliation under either Act. (*See* TAC ¶ 94.)

Plaintiff fails to state a claim for retaliation under Title VII or the ADEA that is plausible on its face. Accordingly, the Court grants Defendant's Motion with respect to Plaintiff's third claim.

**D. Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the allegation of other facts consistent with the TAC could not cure the deficiency. Plaintiff has amended his complaint three times in response to

Defendant's proposed motions to dismiss. Plaintiff refined and developed his allegations over his four complaints, but the conduct alleged as "protected activity" has remained consistent. (*See* Compl.; FAC; SAC; TAC.) Despite the amendments, Plaintiff still fails to articulate protected activity concerning unlawful employment practices under Title VII or the ADEA. Further allegations consistent with Plaintiff's TAC would not alter this outcome. Accordingly, the Court **GRANTS** Defendant's Motion **WITHOUT leave to amend**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Partially Dismiss the TAC, **WITHOUT LEAVE TO AMEND**. (ECF No. 20.) Specifically, Plaintiff's first claim is **DISMISSED** to the extent it attempts to state a claim for retaliation under the ADEA, and Plaintiff's second and third claims are **DISMISSED** in their entirety. Plaintiff's TAC may proceed as to only Plaintiff's first claim for Age Discrimination under the ADEA.

**IT IS SO ORDERED.**

March 11, 2019

_____
　　　　**OTIS D. WRIGHT, II**
　　**UNITED STATES DISTRICT JUDGE**