O

# United States District Court
# Central District of California

| | |
|---|---|
| MARVIN L. STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT WILKIE, SECRETARY, DEPARTMENT OF VETERAN AFFAIRS,<br><br>    Defendant. | Case № 2:18-cv-01887-ODW (SKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [43]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [60]** |

## I. INTRODUCTION

Plaintiff Marvin L. Stewart, proceeding pro se, brings this age discrimination action against Defendant Robert Wilkie, Secretary, Department of Veteran Affairs ("VA"). (Third Am. Compl. ("TAC") ¶¶ 66–77, ECF No. 17.) Both parties move for summary judgment. (Stewart Mot. Summ J. ("Stewart Mot."), ECF No. 43; VA Mot. Summ J. ("VA Mot."), ECF No. 60.) For the following reasons, the Court **DENIES** Stewart's Motion for Summary Judgment and **GRANTS** the VA's Motion for Summary Judgment.[1]

---

[1] After considering the papers filed in connection with the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court previously vacated the hearing on Stewart's Motion and hereby also **VACATES** the February 3, 2020 hearing on the VA's Motion.

## II. BACKGROUND

The following undisputed facts find support in the record.[2]

Stewart worked for the VA as a Contracting Officer from June 1985 to April 1986. (VA Statement of Genuine Issues ("VA SGI") 5, ECF No. 52.) He returned to the VA in 2001 as a Program Support Assistant. (VA SGI 6.) By 2012, Stewart had been promoted to Accounts Technician. (VA SGI 7.) In 2012, Stewart applied for two Contract Specialist positions: Job Listing No. 615995, which sought candidates to support Network Contracting Offices in Long Beach and Las Vegas, and Job Listing No. 616390, which sought candidates to support the Prosthetics Program within the Veterans Integrated Services Network. (VA SGI 8, 10, 13; Stewart Statement of Uncontroverted Facts ("Stewart SUF") 1, ECF No. 45.)

Stewart was 61 years old when he applied for the positions. (Stewart SUF 1.) His 2012 application indicated eleven months of formal contracting work experience in 1985 and an Associate of Arts degree in Telecommunications in 1984. (VA SGI 15, 16.) His application indicated other ongoing coursework but no completed degrees. (VA SGI 17–18.) His application listed no active contracting certifications, no healthcare or prosthetics work experience, and no experience with the Federal or VA Acquisition Regulations. (VA SGI 19–22.)

The VA used a four-step process to review applications and fill the Contract Specialist positions. (VA SGI 23.) First, Derek Norman, a Human Resources Specialist, reviewed all applications to determine whether a candidate was minimally eligible for the position. (VA SGI 24.) A total of 287 applicants applied for Job

---

[2] The VA's additional facts are largely undisputed, and where Stewart disputes the VA's additional facts, his disputes are either unsupported or immaterial. (*See, e.g.*, Stewart Reply to VA Statement of Genuine Issues ("Stewart Reply to VA SGI") 16 (subsequent degrees immaterial), 20 (unsupported), ECF No. 55.) Further, where Stewart disputes a fact, he refers generally to his Reply and his declarations for support. (*See* Stewart Reply to VA SGI 2, 4, 22–22, 24, 26–32, 34, 36–38, 40–44.) However, "judges are not like pigs, hunting for truffles buried in briefs." *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1162 n.1 (C.D. Cal. 2013). The parties bear the obligation to lay out their support clearly. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Accordingly, the Court finds the material facts as recited herein undisputed.

No. 615995, and 127 applicants including Stewart were deemed minimally eligible at all grade levels and advanced to the second step. (VA SGI 25.) For Job No. 616390, a total of 137 applicants applied, and 28 applicants including Stewart were deemed minimally eligible at the GS 9 level and advanced. (VA SGI 26.)

At the second step, a ranking panel reviewed application materials and assigned points to all minimally eligible applicants based on their education, experience, and associated qualifications relevant to the positions. (VA SGI 27.) All information regarding age was removed from the application materials that the ranking panel received. (VA SGI 29.) After the ranking panel assigned points, the top five highest ranked applicants for each grade level (GS 7/9/11) advanced to the third stage for interview. (VA SGI 28.) Stewart did not rank in the top five for either position and therefore did not advance to the interview stage. (VA SGI 28.)

At the third step, three independent panel members interviewed the applicants who advanced, asked the same questions of each, and assigned a point value based on responses. (VA SGI 30.) The fourth step was the final selection, when the selecting official offered the positions to the interviewees with the highest average interview point value. (VA SGI 31–32.) Five of the nine selectees for the Contract Specialist positions were over forty at the time of their application, but all selectees were at least five years younger than Stewart. (VA SGI 45; Stewart SUF 3.)

Stewart was informed in October 2012 that he had not been selected for the positions. (Stewart SUF 2; VA SGI 9.) He filed a formal EEOC complaint alleging age discrimination and reprisal for prior EEOC activity. (VA SGI 47–48.) The VA Office of Resolution Management investigated his claims. (VA SGI 49.) Stewart moved for summary judgment on his EEOC complaint. (VA SGI 50.) On February 6, 2018, the Administrative Judge ("AJ") denied Stewart's motion for summary judgment and instead granted summary judgment to the VA. (VA SGI 51.) The AJ found that, "[o]ther than [Stewart's] own opinion and speculation, there is no evidence . . . that age . . . [was] involved in any way in the selection processes at issue,

or had anything, whatsoever, to do with these adverse recommendation and selection decisions." (Decl. of Joseph Briones ("Briones Decl.") ¶ 7, Ex. 22 ("EEOC Decision") at 6, ECF No. 51-5.) The AJ therefore found that Stewart was unable to establish that he was not selected because of his age. (EEOC Decision 6, 11.)

On March 7, 2019, Stewart filed the initial complaint in this matter alleging retaliation and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (*See* Compl., ECF No. 1.) He subsequently amended his complaint three times. (*See* ECF Nos. 10, 14, 17.) On March 11, 2019, the Court granted the VA's motion to dismiss Stewart's Third Amended Complaint as to all claims except Stewart's first claim for Age Discrimination under the ADEA. (Order Granting Mot. to Dismiss 10, ECF No. 29.) On June 26, 2019, Stewart moved for summary judgment. (*See* Stewart Mot.) On December 30, 2019, the VA also moved for summary judgment. (*See* VA Mot.) Both motions are fully briefed. (*See* ECF Nos. 43, 51, 53 (Stewart Mot., VA Opp'n, & Stewart Reply); ECF Nos. 60, 62, 65 (VA Mot., Stewart Opp'n, & VA Reply).)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or

make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu*, 198 F.3d 1134.

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "non-moving party must show that there are 'genuine factual issues that properly can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.*'" *Cal. Architectural Bldg. Prods.*, 818 F.2d at 1468 (quoting *Anderson*, 477 U.S. at 250). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus.*, 475 U.S. at 586–87). "[U]ncorroborated and self-serving" testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "The moving party, in its reply, shall respond to the additional facts in the same manner . . . ." (Scheduling and Case Management Order 7, ECF No. 49.) "[T]he Court may assume that the material facts as claimed and adequately supported . . . are admitted to exist without controversy except to the

extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. PRELIMINARY MATTERS

Stewart, proceeding pro se, is held to the same standards as a lawyer as far as complying with the court procedures and the rules and regulations of the court system. *See* C.D. Cal. L.R. 1-3, 83-2.2.3. First, Stewart's Reply in support of his Motion is twenty-one pages, nine pages longer than permitted. (*See* Stewart Reply, ECF No. 53); *see* Honorable Otis D. Wright II, Standing Orders, https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii ("Replies shall not exceed 12 pages."). Nevertheless, the Court considers Stewart's Reply in full.

Next, the VA set the hearing on its motion for February 3, 2020, meaning Stewart's deadline to oppose was January 13, 2020. *See* L.R. 7-9 (requiring an opposition to be filed no later than 21 days in advance of the motion hearing). However, Stewart filed his opposition late, on January 15, 2020, and served it on the VA by mail, minimizing the VA's time for Reply. (*See* Stewart Opp'n, ECF No. 62; Proof of Service, ECF No. 64.) Stewart does not acknowledge the untimeliness of his opposition or request an extension of his deadline to oppose. (*See* Stewart Opp'n.) Accordingly, the Court declines to consider Stewart's untimely opposition.[3] *See* C.D. Cal. L.R. 7-12.

Finally, the parties each object to evidence offered by the other party. (*See* VA SGI 2, 4; Stewart Reply to VA SGI 2, 4.) However, neither party submits a separate memorandum identifying the objectionable evidence and arguing the grounds for the objection, as required. (*See* Scheduling and Case Management Order 8 (noting that

---

[3] The Court notes that Stewart's opposition largely repeats the arguments advanced in Stewart's own motion for summary judgment. (*Compare* Stewart Mot., ECF Nos. 43–47 *and* Stewart Reply, ECF Nos. 53–55 *with* Stewart Opp'n, ECF Nos. 62–63.) Additionally, Stewart replied to the VA's additional facts, which are nearly identical to the VA's Statement of Uncontroverted Facts in Support of the VA's Motion ("VA SUF"). (*Compare* VA SGI 5–51 *with* VA SUF 1–47, ECF No. 60-6.)

evidentiary objections are to be "addressed in a separate memorandum" with "a very brief argument with citation to authority" supporting the objection).) Further, Stewart provides no authority for either of his evidentiary objections. (*See* Stewart Reply to VA SGI 2, 4.) Accordingly, the Court **OVERRULES** both parties' evidentiary objections.

The Court now turns to the cross-motions.

## V. DISCUSSION

Construing Stewart's motion papers liberally, Stewart moves for summary judgment on the basis that he has shown disparate treatment under the ADEA because the VA selected younger, lesser-qualified candidates for the two Contract Specialist positions. (*See* Stewart Mot.)[4] The VA also moves for summary judgment, arguing that Stewart cannot establish a prima facie case of age discrimination because he cannot show that his age was a "but-for" reason for his non-selection. (VA Mot. 2, 8–10.) The VA also argues that Stewart cannot show that the VA's neutral, non-discriminatory reasons for selecting other, more qualified candidates are pretext. (VA Mot. 2, 10–12.)

### A. LEGAL FRAMEWORK FOR ADEA CLAIM

The ADEA makes it unlawful for an employer to discriminate against an individual over forty "because of [an] individual's age." *Shelley v. Geren*, 666 F.3d 599, 606 (9th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1)) (alteration in original). The Supreme Court has held that, to prevail on an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 177–78 (2009); *see also Scheitlin v. Freescale Semiconductor, Inc.*, 465 F. App'x. 698, 699 (9th Cir. 2012) (affirming application of *Gross's* "but for" causation standard on summary judgment).

---

[4] Stewart raises an argument in his Reply regarding the application of his Veterans Preference. (*See* Stewart Reply.) However, any claims in this regard are unexhausted and not before this Court. (*See* EEOC Decision 3 (listing issues investigated).)

7

A plaintiff can prove an age-discrimination claim through direct or circumstantial evidence. *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004.) When a plaintiff relies only on circumstantial evidence, such as Stewart here, the *McDonnell Douglas* burden-shifting framework applies. *See id.*; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Accordingly, a plaintiff must first establish a prima facie case of age discrimination before the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. *See Coleman*, 232 F.3d at 1280–81. Then, to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is merely pretext. *Id.* at 1281. Despite the burden shifting, the ultimate burden of proof remains on the plaintiff to show that the employer intentionally discriminated on the basis of age. *Id.*

In a non-selection ADEA case such as this, a plaintiff may establish a prima facie case of intentional discrimination by producing evidence that he was "(1) at least forty years old, (2) qualified for the position for [which he applied], (3) denied the position, and (4) the [position] was given to a substantially younger person." *Shelley*, 666 F.3d at 608; *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). To establish intentional discrimination, the plaintiff must show that the defendant knew of the plaintiff's protected status. *See Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987) ("An employer cannot intentionally discriminate against a job applicant based on [protected status] unless the employer knows the applicant's [protected status]."); *see also Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 n.7 (2003) (finding it impossible for a hiring decision to be based on an unknown protected status).

**B.  ANALYSIS**

The parties do not dispute that Stewart is over forty years old or that he applied for and was found minimally eligible for the Contract Specialist positions. However, Stewart points to no evidence that the reviewing panel members knew or considered

his age. Accordingly, Stewart fails to state a prima facie case of intentional discrimination and his ADEA claim fails.

Derek Norman is the Human Resources Specialist responsible for reviewing all applications to determine minimal eligibility. He states that all information regarding an applicant's age was removed from the applicant's submission before it was reviewed. (Decl. of Derek Norman ("Norman Decl.") ¶ 6, ECF No. 51-3 ("At no time is any ranking panel member, interview panel member, or selecting official informed of an applicant's age or date of birth. All information regarding an applicant's age is redacted from his or her application documents."); *see also* Decl. of Dana Craig ¶ 6, ECF No. 51-1 ("At no point in the application, review or selection process was I ever informed of any applicant's age . . . ."); Decl. Alan Trinh ("Trinh Decl.") ¶ 5, ECF No. 51-2 (same).)

Norman completed the initial review and rated Stewart as minimally eligible for both positions; accordingly, Norman passed Stewart's application on to the second step. (Norman Decl. ¶¶ 8, 12.) At the second step, the ranking panel reviewed the documents in the applicants' submissions and assigned points based on certain criteria, including contracting experience, education level, and other relevant training or certifications. (Norman ¶¶ 5, 10, 14; Trinh Decl. ¶ 3.) Stewart was eliminated from contention at this step because he did not rank in the top five applicants for either position in any grade level. (Norman Decl. ¶¶ 10, 14.) However, the VA's evidence shows that no one on the ranking panel was aware of Stewart's age, as his age had been removed from his application materials. Stewart provides no evidence to contradict this conclusion. Thus, no reasonable juror could find that he was eliminated from consideration because of his age.

Further, nothing indicates that any ranking panel member knew Stewart personally such that they could have known his age. Also, no interview occurred because Stewart did not advance to the interview step, so no reviewer could have inferred age from appearance. Thus, when Stewart was eliminated from the

application process at the second step, none of the panel members could have considered his age as a factor in their decision-making process. This precludes Stewart from stating a prima facie case under the ADEA. *See White v. Wilson*, No. CV 16-8875 PA (AGRx), 2018 WL 6175385, at *4 (C.D. Cal. Mar. 23, 2018) (citing *Robinson*, 847 F.2d at 1316, 1317 (finding summary judgment for employer appropriate where no evidence was offered that screeners knew of applicant's race) and *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 81–83 (2d Cir. 2005) (holding that ADEA claim failed at the prima facie stage where there was no evidence of the decision-maker's knowledge of the relative ages of plaintiff or replacement)).

Finally, Stewart argues that he was informed that the reason he was not selected for both positions was "because [Stewart] did not have current contracting experience and that [Stewart's] contracting experience basically occurred in the 1980s."[5] (Stewart Mot. 3.) He appears to infer from this that he was not selected because of his age. However, the evidence shows that at least four of the selectees for the positions at issue had experience in the 1980s and 1990s and this experience did not preclude their selection. (Norman Decl. ¶¶ 15, 19–21, Exs. 25, 29–31.)

Stewart fails to raise a genuine issue or establish that his age was even considered, let alone a but-for cause of his non-selection. *See Gross*, 557 U.S. at 180. As the AJ found, '[t]here is simply no evidence that any of the matters raised by [Stewart] had anything at all to do with his age . . . ." (EEOC Decision 7.) As such, Stewart fails to state a prima facie case under the ADEA and the VA is entitled to judgment as a matter of law.

---

[5] Stewart also contends he was informed he was not selected for the positions because he was "argumentative," "confrontational," and "not a team player." (Stewart Mot. 4–5.) However, as these statements come only from Stewart's recollection and are unsupported by any authenticated evidence, the Court does not consider them. Regardless, these comments are irrelevant to whether any ranking panel member was aware of Stewart's age.

# VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Stewart's Motion for Summary Judgment (ECF No. 43) and **GRANTS** the VA's Motion for Summary Judgment (ECF No. 60). All dates and deadlines in this case are hereby **VACATED**. The Court will issue Judgment.

**IT IS SO ORDERED.**

January 22, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**