O

# United States District Court
# Central District of California

| | |
|---|---|
| MARVIN L. STEWART,<br><br>            Plaintiff,<br><br>     v.<br><br>ROBERT WILKIE, SECRETARY, DEPARTMENT OF VETERAN AFFAIRS,<br><br>            Defendant. | Case № 2:18-cv-01887-ODW (SKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [68]** |

## I.   INTRODUCTION & BACKGROUND

Plaintiff Marvin L. Stewart, proceeding pro se, initiated this action against Defendant Robert Wilkie, Secretary, Department of Veteran Affairs ("Defendant"), asserting a claim under the Age Discrimination in Employment Act. (*See* Third Am. Compl. ¶¶ 67–77, ECF No. 17.)  Stewart alleged that Defendant discriminated against him on the basis of his age when Defendant did not select him for two Contract Specialist positions.  (TAC ¶¶ 68–69, 73–74.)

On June 26, 2019, Stewart moved for summary judgment.  (Pl.'s Mot. Summ. J. ("PMSJ"), ECF No. 43.)  On December 30, 2019, Defendant moved for summary judgment.  (Def.'s Mot. Summ. J. ("DMSJ"), ECF No. 60.)  On January 22, 2020, the Court denied Stewart's motion and granted Defendant's motion because the

undisputed material facts demonstrated Stewart could not establish a prima facie case of age discrimination ("Summary Judgment Order"). (Order Den. PMSJ & Granting DMSJ ("MSJ Order"), ECF No. 66.) Viewing the evidence in the light most favorable to Stewart, the Court found no evidence that any member of "the ranking panel [that eliminated Stewart from consideration] was aware of Stewart's age." (MSJ Order 9–10 ("[W]hen Stewart was eliminated from the application process at the second step, none of the panel members could have considered his age as a factor in their decision-making process.").)

Stewart now moves for reconsideration of the Summary Judgment Order and to alter or amend the Judgment pursuant to Federal Rules of Civil Procedure ("Rule") 59(e) and 60(b) ("Motion"). (Mot. for Recons. ("Mot."), ECF No. 68.) For the reasons below, the Court **DENIES** Stewart's Motion.[1]

## II.  LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) (citing *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration pursuant to Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll*, 342 F.3d at 945. Rule 60(b) provides for reconsideration of a final judgment, order, or proceeding only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a judgment that has been satisfied; (6) or some other reason that justifies relief.

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Local Rule 7-18 places additional limitations on motions for reconsideration. "A motion for reconsideration . . . may be made only on the grounds of":

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18.

A movant may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*; *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). Nor may "[a] motion for reconsideration . . . be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). Accordingly, a court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Displeasure with the outcome alone is insufficient; unless the moving party shows that one of the factors exists, the court will not grant reconsideration. *Carroll*, 342 F.3d at 945; *Arteaga*, 733 F. Supp. 2d at 1236. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

### III.   DISCUSSION

Stewart moves for reconsideration of the Summary Judgment Order. (*See* Mot.) Although Stewart sometimes includes Rule 59(e) as a basis for his Motion, his arguments focus on Rule 60(b)(1) and (b)(3). (*See* Mot. 6 (including legal standard

for Rule 59(e)), 7–16 (raising arguments under Rule 60(b)(1) & (3)).) Nevertheless, whether evaluated under Rule 59(e), Rule 60(b), or Local Rule 7-18, Stewart fails to establish that reconsideration is appropriate.

Stewart argues (1) Defendant misrepresented facts regarding Stewart's qualifications and concealed evidence regarding the requisite qualifications for the Contract Specialist positions; (2) the Court failed to consider material facts regarding Stewart's asserted superior qualifications; and (3) the Court erred when it found the issue of Stewart's Veterans Preference status unexhausted. (*See* Mot. 7–16.) However, each of these arguments concerning Stewart's qualifications and Veterans Preference status was raised or could have been raised in connection with the summary judgment motions. As motions for reconsideration may not be used to "ask the court to rethink what it has already thought" or raise "new arguments not raised in [the] original briefs," these grounds are insufficient to warrant reconsideration. *Arteaga*, 733 F. Supp. 2d at 1236; *Zimmerman*, 255 F.3d at 740.

Further, none of Stewart's arguments address the dispositive issue on summary judgment, Stewart's failure to establish a prima facie case of age discrimination. (*See* MSJ Order 8–10.) After viewing the facts in the light most favorable to Stewart, the Court found the undisputed material facts showed that no Ranking Panel member was aware of Stewart's age; therefore, they could not have considered or discriminated based on age when they eliminated him from consideration. (MSJ Order 8–10 (citing *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987) (noting that knowledge of protected status is necessary for a claim of intentional discrimination based on that status).) Stewart's proffered facts regarding his asserted superior qualifications and Veterans Preference status are immaterial where he failed to establish or raise a genuine dispute that any Ranking Panel member knew his age.

Finally, in his Reply, Stewart argues for the first time that two individuals, Derek Norman and Alan Trinh, knew Stewart's age before he was eliminated from consideration by the Ranking Panel at the second step of consideration. (Resp. to

Def.'s Opp'n to Mot. ("Reply") 2–3, ECF No. 73.) Stewart asserts that Norman, the reviewer at the *first* step, was aware of Stewart's age because he reviewed Stewart's application, not from Stewart's application materials, but instead from a computerized "Service Record Screen" that "bears Plaintiff's birthdate." (Reply 2.) Stewart also contends that Trinh, who may have been a Ranking Panel member, "knew that Plaintiff was at least twenty-five years older then [sic] him." (Reply 3; *see also* Decl. of Alan Trinh in Supp. of Def.'s Opp'n PMSJ ¶ 3, ECF No. 51-2 (stating Trinh did not recall whether he was a Ranking Panel member).)

Stewart utterly fails to support these conclusory assertions and provides no explanation why he could not have raised them in briefing the summary judgment motions. (*See* Reply.) "A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court." *Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992), *as amended* (Mar. 5, 1992) *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001); *Rosenfeld*, 57 F.3d at 811 (affirming district court declining to consider argument raised for the first time in motion for reconsideration). Accordingly, Stewart's belated and unsupported assertions provide no basis for reconsideration.

In summary, Stewart repeats arguments, rehashes previously considered facts, and raises belated and unsupported allegations that could have been raised during briefing of the summary judgment motions. While Stewart may disagree with the Court's ruling, mere disagreement is not grounds for a motion for reconsideration.

The Court understands that navigating the legal system as a pro se litigant can be challenging. Nonetheless, the standards governing reconsideration apply equally to Stewart as to any other litigant and Stewart's obligation to abide by this Court's rules and procedures is not diminished merely because he appears pro se. C.D. Cal. L.R. 1-3. Stewart fails to establish any of the factors necessary for the Court to reconsider its prior Order. Accordingly, Stewart's Motion is **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Stewart's Motion for Reconsideration. (ECF No. 68.)

**IT IS SO ORDERED.**

July 27, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**